## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**Darryl Porter,**

        **Plaintiff,**

**v.**                                                    **Case No. 05-3297-JWL**

**David R. McKune et al.,**

        **Defendants.**


### MEMORANDUM & ORDER

In June 1993, petitioner Darryl Porter pled guilty in the District Court of Johnson County, Kansas to aggravated robbery, kidnapping and attempted first-degree murder. The district court sentenced Mr. Porter to a controlling term of 40 to 60 years' imprisonment. He brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 1). Therein, he asserts that there was an inadequate factual basis for his pleas of guilty to kidnapping and attempted first-degree murder. More specifically, he asserts that his counsel was ineffective in failing to inform him that no factual basis existed for his guilty pleas and that his pleas were not knowing and voluntary because no factual basis was presented at the plea hearing. Mr. Porter does not dispute the facts presented by the State at the plea hearing; he simply asserts that those facts are insufficient to support a conviction for kidnapping or attempted first-degree murder. After thoroughly reviewing the parties' briefs and the underlying record, the court finds that the evidence clearly establishes Mr. Porter is entitled to no relief. As such, Mr. Porter's habeas petition is denied.

*Background*

The following facts are taken from the factual basis provided by the State at Mr. Porter's plea hearing as well as evidence presented at the preliminary hearing.  Mr. Porter does not dispute these facts.  In October 1992, Mr. Porter and another individual, Keith Marshall, entered a Food Barn grocery store in Overland Park, Kansas.  Mr. Porter eventually made his way to the check-out area at the front of the store and engaged in a transaction with the cashier.  When the cashier had difficulties opening the cash drawer, she paged the assistant store manager, Bob Roberts.  Mr. Roberts appeared and began working to open the cash drawer.  At that point, Mr. Porter produced a handgun and placed the gun at the back of Mr. Roberts' head.  Mr. Porter then directed Mr. Roberts to the store's office where the store's safe was located.  Once in the store's office, Mr. Porter forced Mr. Roberts to open the safe.  As Mr. Roberts was opening the safe, Mr. Porter fired one round with a .38 caliber revolver into Mr. Roberts' upper back.  The bullet exited from the upper chest area of Mr. Roberts, who was severely injured. Mr. Porter took money from the safe and then ran out of the store, entered a pickup with several other individuals, and was involved in a chase with the police department who had arrived shortly after the crime had been committed. Mr. Porter was apprehended by police a short distance from the Food Barn. He was taken into custody and identified by Mr. Roberts as the individual who had taken money, who had forced him to the management area, and who had shot him.  Mr. Porter agreed with the facts that were presented to the court, and he understood that was the evidence the State would be presenting if the matter proceeded to trial.

Mr. Porter ultimately pled guilty to aggravated robbery, kidnapping and attempted first-

degree murder.  In 1999, Mr. Porter filed a habeas corpus motion pursuant to K.S.A. § 60-1507 on the grounds that he was denied effective assistance of counsel at his plea hearing.  Specifically, Mr. Porter argued that the facts presented by the State did not support the kidnapping charge and that, as a result, his counsel should not have advised him to accept the plea offer.  The Kansas Court of Appeals affirmed the trial court's denial of the motion.  Mr. Porter then filed a motion to correct an illegal sentence in which he challenged the factual basis for the kidnapping charge and the attempted first-degree murder charge.  Again, the Kansas Court of Appeals affirmed the trial court's denial of the motion.

*Standard*

Because Mr. Porter filed his habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the provisions of the AEDPA govern this case. *Jackson v. Ray*, 390 F.3d 1254, 1259 (10th Cir. 2004).  Under the AEDPA, the court "must defer to a state court decision adjudicated on the merits unless that decision: (1) 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) . . . was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding.'"  *Id.* (quoting 28 U.S.C. § 2254(d)(1)-(2)).  A state court decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A state court decision does not satisfy this standard merely because it is

3

incorrect or erroneous; rather, the state court's application of the law must have been objectively

unreasonable. *Jackson*, 390 F.3d at 1259. The state court's factual findings are presumed correct

unless the petitioner rebuts those findings with clear and convincing evidence. *Turrentine v.*

*Mullin*, 390 F.3d 1181, 1188-89 (10th Cir. 2004).   This court's ruling must rest on the propriety

of the state court's decision, not its rationale.   *Jackson*, 390 F.3d at 1259 (citing *Aycox v. Lytle*,

196 F.3d 1174, 1177 (10th Cir. 1999)).

*Analysis*

Mr. Porter's first claim is that he was denied effective assistance of counsel during the plea

process because his counsel failed to inform him that there was no factual basis for his pleas of

guilty to kidnapping and attempted first-degree murder.   In order to establish a claim that his

attorney was so ineffective as to require reversal of his conviction, Mr. Porter "must show both

that 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed

the defendant by the Sixth Amendment,' and also that he was prejudiced because counsel's errors

rendered the outcome of the state court's proceedings unreliable." *Miller v. Champion*, 262 F.3d

1066, 1071 (10th Cir. 2001) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).   In

the context of a guilty plea, a petitioner satisfies the prejudice inquiry by showing "a reasonable

probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted

on going to trial." *Id*. at 1072 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Because the Kansas Court of Appeals already addressed the merits of Mr. Porter's

argument with respect to the kidnapping charge and identified the correct legal principles, the

4

AEDPA confines this court's review to the question of whether the appeals court's decision involved an unreasonable application of *Strickland* or whether it was an unreasonable determination of the facts in light of the evidence presented. As recognized by the appeals court, the pertinent facts are not in dispute and the question presented by Mr. Porter is whether "given the existing state of the law on kidnapping, counsel's advice to Porter to accept the plea offer was reasonable." *Porter v. State*, No. 85,282 at 3 (Sept. 28, 2001) (unpublished). As explained by the appeals court, kidnapping under Kansas law is "the taking or confining of any person, accomplished by force, threat or deception, with the intent to hold such person . . . to facilitate flight or the commission of any crime." *Id.* (quoting K.S.A. § 21-3420(b)). In construing the statutory definition of kidnapping, the Kansas Supreme Court in *State v. Buggs*, 219 Kan. 203 (1976), held that the element of "taking" requires no particular distance of removal or time of confinement and that the taking "facilitates the commission of a crime" if it "is aimed at making [the commission of the crime] at least 'easier.'" *Buggs*, 219 Kan. at 214-15. According to the *Buggs* Court, the "prime example" of a taking that facilitates another crime in a substantial way is a taking aimed at "lessening the risk of detection." *Id.* at 215.

Applying the principles set forth in *Buggs* to Mr. Porter's case, the appeals court held that the undisputed facts "very well could have supported" a conviction of aggravated kidnapping because the facts indicated that Mr. Porter forced the assistant store manager into the office and forced him to open the safe to lessen the risk of detection and to enable Mr. Porter to complete the crime much more quickly, thereby avoiding capture. *Porter v. State*, at 4-5. As explained by the appeals court:

5

> Evidence at the preliminary hearing and the factual basis for the plea showed that Porter forced the manager at gunpoint from the checkout area to the office, where he forced him to unlock the office door, enter the office, and open the combination safe.  The office was visible from the parking lot as well as the interior of the store.  The alternative to forcing the manager to enter the office and open the combination safe would have been to attempt to force the safe open while visible and vulnerable to capture.

*Id*. at 4.  Ultimately, the appeals court held that Mr. Porter's trial counsel "acted well within the scope of reasonable professional competence to advise Porter to accept the plea offer in order to avoid a very real risk of a mandatory life sentence on the kidnapping charge." *Id*. at 5.  Quite clearly, the Kansas Court of Appeals was not unreasonable when it found that the performance of Mr. Porter's counsel during the plea process was not deficient and when it concluded that the undisputed facts could have supported a kidnapping conviction under the state statute as interpreted in *Buggs*.   Mr. Porter's ineffective assistance claim with respect to the kidnapping charge is denied.

Mr. Porter also claims that his counsel was ineffective by failing to inform him that there was no factual basis for his plea of guilty to attempted first-degree murder.  Mr. Porter, however, did not present this claim at the state court level and, thus, he has failed to exhaust his state court remedies.  *See Cannon v. Gibson*, 259 F.3d 1253, 1265 (10th Cir. 2001).  Nevertheless, the Supreme Court has held that if a petitioner "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred" the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief.  *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)). Although

Kansas does not absolutely prohibit second or successive petitions for post-conviction relief, *see* Kan. Stat. Ann. § 60-1507(c), any petition for post-conviction relief

> must be brought within one year of: (1) The final order of the last appellate court in [Kansas] to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or (ii) the denial of a petition for writ of certiorari to the United States supreme court or issuance of such court's final order following granting such petition.

*Juiliano v. Bruce*, 2006 WL 466493 (10th Cir. Feb. 28, 2006) (quoting K.S.A. § 60-1507(f)). This statute of limitations became effective on July 1, 2003. *See id.* (citing *Hays v. Kansas*, 115 P.3d 162, 165 (Kan. App. 2005)). Mr. Porter "had 1 year from the effective date of the 2003 amendment to file his 60-1507 motion." *See id.* (citing *Hays*, 115 P.3d at 165). A return to Kansas courts now would be futile. *See id.* The claim is therefore defaulted and the court will not address the merits. *See id.* (citing *Coleman*, 501 U.S. at 750).

The court turns, then, to Mr. Porter's claim that his guilty pleas were not knowing and voluntary because an inadequate factual basis for the kidnapping and attempted first-degree murder charges was presented at the plea hearing. The appeals court previously addressed this issue when, at Mr. Porter's request, it construed Mr. Porter's motion to correct an illegal sentence as a motion to withdraw his guilty pleas. The appeals court denied relief to Mr. Porter, readily concluding that a sufficient factual basis existed for Mr. Porter's plea of guilty to kidnapping and attempted first-degree murder.

The court declines to address the merits of this claim, as it is not cognizable on a federal habeas petition. As the Tenth Circuit has explained:

> Controlling federal case law teaches that the requirement of a factual basis for a

7

> guilty plea is not rooted in the federal Constitution; therefore, it is not redressable under 28 U.S.C. § 2254.  Although the lack of a factual basis would violate Rule 11 of the Federal Rules of Criminal Procedure, Rule 11 does not apply in state court. Indeed, the necessity for a factual basis to support a guilty plea in a state court proceeding is a matter of state, not federal, law.

*Berget v. Gibson*, 1999 WL 586986, at \*5 (10th Cir. Aug. 5, 1999); *accord Freeman v. Page*, 443 F.2d 493, 497 (10th Cir. 1971) (rejecting petitioner's argument that the provision of Federal Rule of Criminal Procedure 11 requiring that the court determine that there is a factual basis for the plea before entering judgment on it applies to state proceedings; "[t]his Federal procedural provision is not binding on the State Courts, . . . and there is no constitutional mandate for it."); *see also Sena v. Romero*, 617 F.2d 579, 581 (10th Cir. 1980) ("[Petitioner's] contention that the absence of a record showing a factual basis for his plea is an independent ground for invalidating the plea, is without merit.").

In *Berget*, the petitioner claimed that the state trial court violated his due process rights when it accepted his guilty plea to first-degree murder without an adequate factual basis.  *See Berget*, 1999 WL 586986, at \*4.  The federal district court concluded the claim was not cognizable on a federal habeas petition and the Circuit agreed that the issue was not justiciable. *Id*. Similarly, in *Glasper v. Tulsa County District Court*, 1995 WL 578983, at \*3 (10th Cir. Sept. 26, 1995), the petitioner attempted to challenge the voluntary nature of his plea by arguing that the state court failed to ensure that there was a factual basis for his plea.  The federal district court held that the "lack of a factual basis for a state plea is not a federal constitutional claim, and therefore, it is not cognizable in this habeas corpus action."  *See id.*  The Circuit affirmed.  *See id.*  The same result is compelled here.  Mr. Porter asserts a violation of his Fourteenth

8

Amendment due process rights on the grounds that no factual basis was presented at the plea hearing to support his guilty pleas.   The lack of a factual basis, however, is not redressable under § 2254 and the court declines to address the merits of this claim.[1]


       **IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Porter's habeas petition (doc. 1) is denied.


       **IT IS SO ORDERED.**


       Dated this 3rd day of March, 2006, at Kansas City, Kansas.


       s/ John W. Lungstrum
       John W. Lungstrum
       United States District Judge

---

[1]State courts are constitutionally required to establish a factual basis for a plea only when the defendant protests his innocence at the time the plea is entered.  *See Berget*, 1999 WL 586986, at *5-6 (citing cases).  The record reflects that Mr. Porter did not maintain his innocence at the time he entered his guilty pleas.