IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Darryl Porter,**

       **Plaintiff,**

v.                                         Case No. 05-3297-JWL

**David R. McKune et al.,**

       **Defendants.**

## MEMORANDUM & ORDER

On March 3, 2006, the court entered judgment denying Mr. Porter's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 22554. Mr. Porter has now filed a motion seeking a certificate of appealability (doc. 20). The motion is denied.

A certificate of appealability may issue only if the applicant has made "a substantial showing of the denial of a constitutional right." *See Warnick v. Booher*, 425 F.3d 842 (10th Cir. 2005) (quoting 28 U.S.C. § 2253(c)(2)). "Where a district court has rejected the constitutional claims on the merits," the prisoner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). In other words, the prisoner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)); *accord Boutwell v. Keating*, 399 F.3d 1203, 1211 (10th Cir. 2005). The COA determination "requires an overview of the claims in the habeas petition and

a general assessment of their merits." *Silva*, 430 F.3d at 1096 (quoting *Miller-El*, 537 U.S. at 336). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims" and, "[i]n fact, the statute forbids it." *Id*. (quoting *Miller-El*, 537 U.S. at 336). While Mr. Porter, in applying for a COA, "is not required to prove the merits of his case, he must demonstrate 'something more than the absence of frivolity or the existence of mere good faith' on his part." *Id*. (quoting *Miller-El*, 537 U.S. at 338).

In his § 2254 motion, Mr. Porter first argued that he received ineffective assistance of counsel during the plea process because his counsel failed to inform him that there was no factual basis for his plea of guilty to kidnapping. Mr. Porter cannot demonstrate that reasonable jurists could debate whether (or, for that matter, agree that) the issue should have been resolved in a different manner or that the issue was adequate to deserve encouragement to proceed further. Specifically, Mr. Porter did not show that the appeals court decision addressing the merits of this argument involved an unreasonable application of *Strickland* or that it was an unreasonable determination of the facts in light of the evidence presented. The appeals court concluded that, in light of the existing state of the law on kidnapping and the undisputed facts concerning Mr. Porter's conduct, Mr. Porter's counsel's advice to accept the plea offer and plead guilty to kidnapping in order to avoid a "very real risk of a mandatory life sentence" was reasonable.

The court declined to address the merits of Mr. Porter's second ineffective assistance claim–that his counsel was ineffective by failing to inform him that there was no factual basis for his plea of guilty to attempted first-degree murder. As the court explained in its order denying Mr. Porter's habeas petition, Mr. Porter did not present this claim at the state court level and, thus, he

failed to exhaust his state court remedies and his claim was procedurally defaulted. *See Cannon v. Gibson*, 259 F.3d 1253, 1265 (10th Cir. 2001); *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000); *Juiliano v. Bruce*, 2006 WL 466493 (10th Cir. Feb. 28, 2006). Mr. Porter has not shown "that jurists of reason could disagree with the district court's resolution" of this claim or that the issue presented is "adequate to deserve encouragement to proceed further."

The court also declined to address the merits of Mr. Porter's final claim–his claim that his guilty pleas were not knowing and voluntary because an inadequate factual basis for the kidnapping and attempted first-degree murder charges was presented at the plea hearing. As the court previously explained, this claim is not cognizable on a federal habeas petition. *See Berget v. Gibson*, 1999 WL 586986, at *5 (10th Cir. Aug. 5, 1999) ("Controlling federal case law teaches that the requirement of a factual basis for a guilty plea is not rooted in the federal Constitution; therefore, it is not redressable under 28 U.S.C. § 2254."); *Glasper v. Tulsa County District Court*, 1995 WL 578983, at *3 (10th Cir. Sept. 26, 1995) (affirming district court's conclusion that the "lack of a factual basis for a state plea is not a federal constitutional claim, and therefore, it is not cognizable in this habeas corpus action"); *see also Sena v. Romero*, 617 F.2d 579, 581 (10th Cir. 1980) ("[Petitioner's] contention that the absence of a record showing a factual basis for his plea is an independent ground for invalidating the plea, is without merit.").

For the foregoing reasons, the court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Porter's motion for a certificate of appealability (doc. 20) is denied.

**IT IS SO ORDERED.**

Dated this 10th day of April, 2006, at Kansas City, Kansas.

                                                  s/ John W. Lungstrum
                                                  John W. Lungstrum
                                                  United States District Judge